**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON ROMERO CARRANZA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-379<br><br>Agency No.<br>A206-410-403<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2024[**]
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and RODRIGUEZ, District Judge.[***]

Marlon Romero Carranza, a native and citizen of Guatemala, seeks review

of the Board of Immigration Appeals' (BIA) decision affirming the Immigration

Judge's (IJ) denial of his requests for withholding of removal and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

This court reviews the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022).  Under this latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  "Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision."  *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks and citation omitted).

1.  <u>Asylum and withholding of removal.</u>  To be eligible for asylum, a petitioner bears the burden of demonstrating a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  "To be eligible for withholding of removal, a petitioner must satisfy this burden by a

---

[1] Despite reciting the qualifications for asylum in her opinion, the IJ determined that Romero's asylum application was untimely and failed to establish any changed or exceptional circumstance that would excuse him from the one-year filing requirement.  *See* 8 U.S.C. § 1158(a)(2)(B), (D).  Romero has not challenged the IJ's one-year bar determination before the BIA or this court.

'clear probability.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation omitted); *see* 8 U.S.C. § 1231(b)(3).[2]

Substantial evidence supports the IJ's determination that Romero's asylum and withholding of removal claims fail because he did not establish a nexus between his past or feared harm and a statutorily protected ground. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). For asylum, the petitioner must show that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). And for withholding of removal, a protected ground must be "a reason" for any past or feared harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Romero asserts a fear of future persecution if removed to Guatemala based upon his membership in a social group defined as "those belonging to the Romero family." Although "the family remains the quintessential particular social group," *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), the IJ reasonably concluded that Romero has failed to establish that membership in the Romero clan was or

---

[2] Romero contends that the IJ erred in holding that his past harm did not rise to the level of persecution, while the government insists that the IJ rendered no such determination. The IJ's opinion is somewhat ambiguous on that score. But we need not address the issue because even assuming, without deciding, that Romero has established past persecution, the IJ also concluded that Romero failed to demonstrate a nexus between his past or feared persecution and his membership in his proposed familial group. This no-nexus finding is independently dispositive of Romero's applications for asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

would be "one central reason" or "a reason" for his past or feared harm, *see Singh v. Garland*, 46 F.4th 1117, 1124 (9th Cir. 2022).

Romero testified that, shortly after his brother was killed, he was threatened and harmed by the same assailants. According to Romero, these individuals surmised that he was working with and furnishing information to rival criminal groups—an accusation which Romero denied. The assailants allegedly fired shots around Romero's feet and warned him that if he remained in the area, he would suffer his brother's fate.

But Romero has failed to demonstrate that this passing reference to his brother's plight compels the conclusion that he was or will be persecuted based upon any animus towards the Romero family. Rather, it is just as plausible that Romero's assailants invoked his brother's death to more effectively intimidate a man whom they suspected of collaboration with rival criminal outfits. As the IJ noted, Romero's parents and sisters have resided in the same area in Guatemala without being threatened or harmed, thus undermining any claim of future persecution owing to his familial ties. *See Sharma*, 9 F.4th at 1066. Because the IJ's no-nexus determination is supported by substantial evidence, we affirm the agency's denial of Romero's applications for asylum and withholding of removal.

2. <u>CAT.</u> "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to

the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the IJ's denial of CAT relief because Romero has failed to establish a clear probability of future torture in Guatemala upon his return and that the Guatemalan state would acquiesce in such conduct. Romero testified that he has never been harmed by, nor does he harbor any fear of, the Guatemalan government. While Romero's country conditions evidence chronicles corruption, gang-affiliated crime, and violence throughout Guatemala, those reports do not compel the conclusion that Romero would face a sufficiently particularized threat of torture to warrant CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**